BARRY E. HINKLE, Bar No. 071223
NICOLE M. PHILLIPS, Bar No. 203786
CONCEPCIÓN E. LOZANO-BATISTA, Bar No. 227227
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, CA 94501
(510) 337-1001

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALVARADO, in his capacity as Trustee of the CARPENTERS HEALTH AND WELFARE TRUST FUND FOR CALIFORNIA; CARPENTERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; CARPENTERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and CARPENTERS TRAINING TRUST FUND FOR NORTHERN CALIFORNIA, and CARPENTERS 46 NORTHERN CALIFORNIA COUNTIES CONFERENCE BOARD for itself and on behalf of NORTHERN CALIFORNIA CARPENTERS REGIONAL COUNCIL<br><br>Plaintiffs,<br><br>v.<br><br>DIAMOND OAKS CONSTRUCTION CO., INC.,<br><br>Defendant. | No. C 04 5356 SBA<br><br>**(PROPOSED)** FINDINGS OF FACT AND CONCLUSIONS OF LAW |

## I. FINDINGS OF FACT

1. The Plaintiff Robert Alvarado is the Trustees of each of the Plaintiffs Trust Funds associated with the Carpenters 46 Northern California Counties Conference Board and its affiliated unions (collectively, "the Union"). Each of the Trust Funds was established through collective bargaining between employers associations and the Carpenters Union.

2. Defendant Diamond Oaks Construction Co., Inc. (hereinafter "Defendant" or "Diamond Oaks") was signatory and bound to a written collective bargaining agreement with the

WEINBERG, ROGER & ROSENFELD
1001 Marina Village Parkway, Suite 200
Alameda, CA 94501
(510) 337-1001

(PROPOSED) FINDINGS OF FACT AND CONCLUSIONS OF LAW
Case No. C 04 5356 SBA

Union entitled 46 Northern California Counties Carpenters Master Agreement (hereinafter "Master Agreement" or "Agreement").

3. Diamond Oaks became subject to all the terms and conditions of the Master Agreement by virtue of signing an Extension Agreement with the Union, which incorporated by reference the Master Agreement.

4. On or about May 5, 2003, the President and Registered Agent for Diamond Oaks signed a promissory note in favor of Plaintiff Trust Funds where he acknowledged the delinquencies of Diamond Oaks.

5. The amount of the promissory note was $41,330.08, plus a $300.00 preparation fee, for a total sum of $41,630.08, plus interest at the rate of 6.25% per annum on any unpaid balance of the sum.

6. The promissory note covered reporting shortages during the periods of November 2001 through March 2003.

7. The Union's collective bargaining agreement binds signatory employers to make contributions to the Trust Funds.

8. The Master Agreement by its terms incorporates the various Trust Agreements establishing each of the Plaintiff Trust Funds.

9. The collective bargaining agreement provides for prompt payment of all delinquent contributions to the various Plaintiffs' Trust Funds, and provides for the payment of interest on all delinquent contributions, attorneys' fees, and other collection costs, and for the audit of the signatory employer or employers' books and records in order to permit the Plaintiffs to ascertain whether all fringe benefit contributions have been timely paid.

10. Defendant promised to contribute and pay to the Plaintiffs' Trust Funds the hourly amounts required by the collective bargaining agreements for each hour paid for and/or worked by any of its employees who performed any work covered by said agreements, and that it would be subject to and bound by all of the terms, provisions and conditions of the Trust Agreements.

11. Section 51 of the Master Agreement provides for the resolution of grievances between the parties, setting out a procedure to be followed, the final step of which is the submission of the grievance to an impartial arbitrator or a Joint Adjustment Board, whose decision is final and binding upon the parties.

12. Diamond Oaks failed to pay the balance of the promissory note, leaving $26,735.76 in unpaid promissory note default, as well as interest thereon.

WEINBERG, ROGER &
ROSENFELD
1001 Marina Village Parkway,
Suite 200
Alameda, CA 94501
(510) 337-1001

- 2 -
(PROPOSED) FINDINGS OF FACT AND CONCLUSIONS OF LAW
Case No. C 04 5356 SBA

13. Diamond Oaks failed to pay reporting shortages and liquidated damages for the months of August 2003 through December 2003, as well as liquidated damages owed on those shortages. The reporting shortages and liquidated damages for these months totaled $10,573.95.

14. Diamond Oaks also failed to remit contributions for the period of January 2004 to March 2004.

15. On May 20, 2004, the Union filed a grievance over the non-payment of contributions and the delinquencies on the promissory note.

16. A hearing on the grievance was conducted June 8, 2004 before Arbitrator Gerald R. McKay.

17. On June 9, 2004 the Arbitrator issued a Decision and Award, awarding Plaintiffs $37,309.71 in fringe benefit contributions, liquidated damages and interest, $300.00 for the cost of the proceedings, and ordered Diamond Oaks to submit to an audit of its books and records. This amount represented the promissory note Default and interest, as well as the reporting shortages and liquidated damages outside the promissory note.

18. The June 9, 2004 Decision and Award also ordered Diamond Oaks to submit to an audit of its books and records for the period of August 1, 2000 through date of audit entry.

19. The Trust Funds demanded compliance with the award, but Diamond Oaks failed to comply.

20. A complaint for breach of contract, damages, and breach of fiduciary duty, and audit was filed against James Stephen Pelletier, Individually, James Stephen Pelletier, individually and doing business as Diamond Oaks, and against Diamond Oaks on December 17, 2004.

21. Mr. Pelletier, individually and as the agent for service of process of Diamond Oaks was served with the Complaint on March 3, 2005.

22. On March 11, 2005 Plaintiffs amended their Complaint to name only Diamond Oaks as the Defendant in this matter.

23. Plaintiffs served the amended Complaint on Diamond Oaks on March 15, 2005.

24. The Clerk of the Court entered the Request for Entry of Default on April 8, 2005, against Defendant, for failure to answer or otherwise respond to the complaint.

25. On April 18, 2005, Plaintiffs filed and duly served a Motion for Default Judgment.

26. On May 24, 2005, the Court denied the Motion for Default Judgment, stating:

> Pursuant to N.D.Civ.L.R. 7-2 and 7-4, Plaintiffs must file a memorandum of points and authorities in support of their Motion, setting forth the factual

WEINBERG, ROGER & ROSENFELD
1001 Marina Village Parkway, Suite 200
Alameda, CA 94501
(510) 337-1001

- 3 -
(PROPOSED) FINDINGS OF FACT AND CONCLUSIONS OF LAW
Case No. C 04 5356 SBA

bases and legal authority for their argument. Plaintiffs, however, have failed to do so.
Accordingly,
IT IS HEREBY ORDERED THAT Plaintiffs' Motion for Entry of Default Judgment is DENIED WITHOUT PREJUDICE. If appropriate, Plaintiffs may re-file a Motion for Entry of Default Judgment that fully complies with the local rules of this Court.

27. On June 6, 2005, Plaintiffs re-filed a Motion for Default Judgment, along with a memorandum of points and authorities in support of the Motion.

28. Diamond Oaks has to date failed to appear and/or respond in this matter before this Court.

## II. CONCLUSIONS OF LAW

The Court finds and concludes as follows:

1. At all times material herein, each of the above-named Trust Funds was, and is, an employee benefit plan created by a written Trust Agreement subject to and pursuant to section 302 of the LMRA (29 U.S.C. § 186), and a multi-employer employee benefit plan within the meaning of sections 3, 4 and 502 of ERISA (29 U.S.C. §§ 1002, 1003 and 1132). Each of the above-named Trust Funds is administered by a Board of Trustees which may bring this action in the name of the Trust Funds pursuant to the express provisions of the Trust Agreements.

2. At all times material herein, Diamond Oaks was an employer within the meaning of section 3(5) and section 515 of ERISA (29 U.S.C. §§ 1002(5), 1145), and an employer in an industry affecting commerce within the meaning of section 301 of the LMRA (29 U.S.C. § 185).

3. Diamond Oaks violated the Master Agreement in failing to meet its obligation to its employees.

   a. Diamond Oaks violated the Master Agreement by failing to pay the balance of the promissory note for reporting shortages during the periods of November 2001 through March 2003, leaving $26,735.76 in unpaid promissory note Default and interest thereon.

   b. Diamond Oaks violated the Master Agreement by failing to pay $10,573.95 in reporting shortages and liquidated damages for the months of August 2003 through

WEINBERG, ROGER & ROSENFELD
1001 Marina Village Parkway, Suite 200
Alameda, CA 94501
(510) 337-1001

        December 2003, as well as liquidated damages owed on those shortages.

    c. Diamond Oaks violated the Master Agreement by failing to report to Plaintiff Trust Funds all hours worked by its employees during the months of January 2004 through March 2004.

    d. Diamond Oaks violated the Master Agreement by refusing to submit to an audit.

4. Diamond Oaks has failed, neglected, or refused to make timely fringe benefit contributions as required by the collective bargaining agreements and Trust Agreements and there is now due and owing and unpaid to Plaintiffs contributions and reporting shortages in the sum estimated to be at least $37,609.71.

5. Diamond Oaks, as a contributing employer, breached its fiduciary duty respecting the handling of contributions due to the Trust Funds. The Trust Funds are entitled as a matter of law to conduct an audit of employer records to the extent necessary to assure compliance with the duty to make benefit contributions. *See* ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(2) & (3). The Trust Funds are entitled to an injunction directing Defendant to submit to an audit of its books and records pursuant to the Trust Agreements.

6. Defendant is liable to the Trust Funds for their reasonable attorneys' fees expended in prosecuting this action, and for all costs incurred in prosecuting this action for attorneys' fees, based upon the provisions of the Trust Agreement requiring payment of attorneys' fees by contributing employers in collection actions, and under ERISA § 502(g), 29 U.S.C. § 132(g).

7. Each instance of the failure or refusal of Diamond Oaks to make timely contribution reports together with full payment, as mentioned above, constitutes a violation of ERISA § 515, 29 U.S.C. § 1145. The Trust Funds are entitled to injunctive relief, to enforce the terms of the Trust Agreements and the terms of ERISA requiring timely payment of benefit contributions by employers signatory to collective bargaining agreements requiring the contributions to be paid. Defendant should be enjoined from its failure and refusal to immediately submit to the Trust Funds accurate reports of hours of covered work performed by its employees, together with payment of all of the amounts of contributions due based upon the rates applicable under the Master Agreement, as well as any interest and liquidated damages due and owing.

8. Under the factors in *Eitel v. McCool* (1986) 782 F.2d 1470, 1471-72, which may be considered by courts in exercising discretion as to the entry of default judgment, the Court

**WEINBERG, ROGER & ROSENFELD**
1001 Marina Village Parkway,
Suite 200
Alameda, CA 94501
(510) 337-1001

- 5 -
(PROPOSED) FINDINGS OF FACT AND CONCLUSIONS OF LAW
Case No. C 04 5356 SBA

concludes the following:

    a. Failure to grant default judgment in favor of Plaintiffs will substantially prejudice Plaintiffs, as Diamond Oaks has not appeared or otherwise responded to any of the filings in this matter thereby making it impossible to hold a hearing on the merits of the case. Failure to grant default judgment in favor of Plaintiffs will result in the accumulation of additional attorneys fees and costs to Plaintiffs with little likelihood of providing additional evidence on the matter before the Court.

    b. Plaintiffs have provided sufficient evidence to sustain a finding in their favor. Specifically, Plaintiffs have presented testimony and documentary evidence showing the amounts owed to Plaintiffs by Defendant. Plaintiffs followed the grievance procedures established in the Master Agreement by filing a grievance against Diamond Oaks. This grievance was arbitrated on June 8, 2004 before Arbitrator Gerald R. McKay. At the hearing, the Union presented evidence and testimony regarding the delinquencies of Defendant Diamond Oaks. On June 9, 2004 the Arbitrator issued a Decision and Award, awarding Plaintiffs $37,309.71 in fringe benefit contributions, liquidated damages and interest, $300.00 for the cost of the proceedings, and ordered Diamond Oaks to submit to an audit of its books and records. Moreover, Plaintiffs have provided the Court with a copy of the promissory note in which Diamond Oaks' President and registered agent admits liability to the Trust Funds for reporting shortages.

    c. Plaintiffs' Complaint sufficiently pleads law and facts such as would support a finding in their favor.

    d. In their Complaint, Plaintiffs request that the Court confirm the June 9, 2004 Decision and Award, awarding Plaintiffs $37,609.71 in fringe benefit contributions, liquidated damages and interest. This amount is not so excessive as to require the Court to hold Plaintiffs to a heightened standard of proof in their Motion for Default Judgment. Plaintiffs have provided the court with the testimony of Michael Plommer, as well as the June 9, 2004 Decision and Award of arbitrator Gerald R. McKay. These filings provide a sufficient basis to allow the Court to find in favor of Plaintiffs.

WEINBERG, ROGER & ROSENFELD
1001 Marina Village Parkway, Suite 200
Alameda, CA 94501
(510) 337-1001

- 6 -
(PROPOSED) FINDINGS OF FACT AND CONCLUSIONS OF LAW
Case No. C 04 5356 SBA

e. There is little or no possibility of a dispute concerning material facts. Diamond Oaks has not appeared or otherwise responded to any of Plaintiffs filings and/or prior requests for compliance with the arbitration award. Diamond Oaks has already admitted liability in the amount of $26,735.76 on the reporting shortages during the periods of November 2001 through March 2003 by signing the May 5, 2003 promissory note and making partial payments on the Note. As to the remaining $10,573.95 in reporting shortages and liquidated damages for the months of August 2003 through December 2003, as well as liquidated damages owed on those shortages, this amount is based on Diamond Oaks monthly reports to the Trust Funds based on hours worked by its employees. If any dispute does arise between the parties it is likely to be over amounts found to be due and owing under the audit to be performed by Plaintiffs. Since the Court will maintain jurisdiction over this matter until such time, this potential dispute is not relevant for purposes of the Motion for Default Judgment before the Court.

f. The Court finds that default on the part of Diamond Oaks is not due to excusable neglect on its part. Despite being served with the Complaint and all other documents in this matter, Diamond Oaks has chosen not to appear.

g. Despite the strong policy underlying the F.R.C.P. favoring decisions on the merits, the Court finds that Plaintiffs have sufficiently proven damages in the amount of $37,609.71. Moreover, the lack of a dispute as to any material facts in this matter and Diamond Oaks' failure to appear in this matter further supports a finding in favor of Plaintiffs.

9. The Trust Funds are entitled to interest on all monetary awards from this Court.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

- 7 -
(PROPOSED) FINDINGS OF FACT AND CONCLUSIONS OF LAW
Case No. C 04 5356 SBA

WEINBERG, ROGER & ROSENFELD
1001 Marina Village Parkway, Suite 200
Alameda, CA 94501
(510) 337-1001

10. Default was properly entered in this matter, as Diamond Oaks failed to appear or otherwise respond to the Complaint which was served on them on March 3, 2005, and for which proof of service was filed before this Court with the Summons on April 5, 2005.

Dated: August 25, 2005

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By:    /s/
CONCEPCIÓN E. LOZANO-BATISTA
Attorneys for Plaintiffs

108119/394581

Good cause appearing, the Court hereby recommends that judgment be entered in Plaintiffs' favor in the amount of $37,609.71, and that Defendant submit to an audit by Plaintiffs under the conditions expressed in the Trust Agreement.. The Court further recommends that Plaintiffs be awarded $3,850.00 in attorneys' fees. Further, Plaintiffs are entitled to costs pursuant to Rule 54 of the Federal Rules of Civil Procedure, and should be directed to file a Bill of Costs in compliance with the Local Rules of this Court. However, the Court recommends that the District Court deny Plaintiffs' request for an injunction. "[T]he bases of injunctive relief are irreparable injury and inadequacy of legal remedies." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 541, 542 (1986); see also Midgett v. Tri-County Metropolitan Transp. Dist. of Oregon, 254 F.3d 846, 850 (9th Cir.2001) ("In order to be entitled to injunctive relief plaintiff must make a showing that he faces a real or immediate threat of substantial or irreparable injury."). Plaintiffs have not demonstrated that it faces a threat of substantial or irreparable injury nor has it established that its legal remedies are inadequate. In light of the judgment for unpaid contributions and attorneys' fees and costs, there is no need for an affirmative injunction.

Any party may serve and file specific written objections to this recommendation within ten (10) business days after being served with a copy. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

IT IS SO RECOMMENDED.

Dated: September 26, 2005

Judge Maria-Elena James

WEINBERG, ROGER & ROSENFELD
1001 Marina Village Parkway, Suite 200
Alameda, CA 94501
(510) 337-1001

- 8 -
(PROPOSED) FINDINGS OF FACT AND CONCLUSIONS OF LAW
Case No. C 04 5356 SBA

# PROOF OF SERVICE

I am a citizen of the United States, and a resident of the State of California. I am over the age of eighteen years, and not a party to the within action. My business address is 1001 Marina Village Parkway, Alameda, California 94501-1091. On August 25, 2005, I served upon the following parties in this action:

> James S. Pelletier
> 463 Summit Road
> Walnut Creek, CA 94598

copies of the document(s) described as:

**(PROPOSED) FINDINGS OF FACT AND CONCLUSIONS OF LAW**

[X] **BY MAIL** I placed a true copy of each document listed herein in a sealed envelope, addressed as indicated herein, and caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Alameda, California. I am readily familiar with the practice of Weinberg, Roger & Rosenfeld for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

[ ] **BY PERSONAL SERVICE** I placed a true copy of each document listed herein in a sealed envelope, addressed as indicated herein, and caused the same to be delivered by hand to the offices of each addressee.

[ ] **BY OVERNIGHT DELIVERY SERVICE** I placed a true copy of each document listed herein in a sealed envelope, addressed as indicated herein, and placed the same for collection by Overnight Delivery Service by following the ordinary business practices of Weinberg, Roger & Rosenfeld, Alameda, California. I am readily familiar with the practice of Weinberg, Roger & Rosenfeld for collection and processing of Overnight Delivery Service correspondence, said practice being that in the ordinary course of business, Overnight Delivery Service correspondence is deposited at the Overnight Delivery Service offices for next day delivery the same day as Overnight Delivery Service correspondence is placed for collection.

[ ] **BY FACSIMILE** I caused to be transmitted each document listed herein via the fax number(s) listed above or on the attached service list.

I certify that the above is true and correct. Executed at Alameda, California, on August 25, 2005.

/s/ _____
Linda Dobbins

WEINBERG, ROGER & ROSENFELD
1001 Marina Village Parkway, Suite 200
Alameda, CA 94501
(510) 337-1001

- 9 -

(PROPOSED) FINDINGS OF FACT AND CONCLUSIONS OF LAW
Case No. C 04 5356 SBA